# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-1396

PATRICK J. MUNRO and CLAUDETTE MUNRO,

*Plaintiffs-Appellants*,

v.

GOLDEN RULE INSURANCE COMPANY,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 02 C 420—**Patricia J. Gorence**, *Magistrate Judge.*

———————

ARGUED NOVEMBER 8, 2004—DECIDED DECEMBER 27, 2004

———————

Before BAUER, EASTERBROOK and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* At all times relevant to this action, Plaintiffs-Appellants Patrick and Claudette Munro were covered by a health insurance policy issued by Defendant-Appellee Golden Rule Insurance Company. From March 1999 through March 2002, Claudette Munro incurred medical bills in connection with a series of hospital visits. Golden Rule paid $289,650.91 of these bills but contested inpatient expenses totaling $3,885.01, arguing that they were not covered under the terms of the policy. The Munros filed an

action against Golden Rule in the Milwaukee County Circuit Court to compel payment, alleging bad-faith breach of contract. Golden Rule removed the case to federal court, citing diversity of citizenship. While the case was pending, Golden Rule resolved the billing dispute and paid the outstanding charges of $3,885.01. The Munros responded by dismissing their breach of contract claim, but they continued to press their claim of bad faith. The district court granted summary judgment in favor of Golden Rule, and the Munros now appeal.

Diversity jurisdiction requires that the amount in controversy be greater than $75,000. 28 U.S.C. § 1332. We look to state law to determine whether this statutory threshold has been met. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961). Both parties note that the Munros sought $3,885.01 in their complaint. In addition, both parties agree that, under Wisconsin law, an insured who is successful in a bad-faith action can recover attorney fees as compensatory damages. *De Chant v. Monarch Life Ins. Co.*, 200 Wis.2d 559, 577, 547 N.W.2d 592 (1996). Although the Munros did not include in their complaint a figure for attorney fees, it was certified in their supplemental brief that $3,330.00 in fees had accrued by that point. These two figures add up to $7,215.01. Both parties rely then on a substantial award of punitive damages to put them over the jurisdictional hump.

We are unconvinced that the amount in controversy exceeds $75,000. Even if we were to accept as accurate the parties' total compensatory damages figure of $7,215.01, the punitive damages award would need to be more than ten times that amount to meet the statutory threshold. The Supreme Court, however, has set constitutional limits on the punitive damages multiplier in simple economic-loss cases, such as nonpayment of insurance. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 410 (2003) (noting, "few awards exceeding a single-digit ratio between punitive

and compensatory damages, to a significant degree, will satisfy due process"). Neither party addresses this presumption against punitive damages that are a double-digit multiple of the compensatory injury. Golden Rule cites instead *Mathias v. Accor Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2003), for the proposition that an award of punitive damages can exceed a single-digit multiplier of actual losses. But Golden Rule misinterprets that decision. *Mathias* holds that punitive damages may be a large multiple of any one victim's loss when a defendant's acts inflict small losses on hundreds of people. *Mathias*, 347 F.3d at 676-77. Here, there was no widespread injury.

In fact, there does not appear even to have been individual injury. Since the Munros never paid the contested bill, their actual damages were not $3,885.01, but zero. Neither side cites a decision for the proposition that Wisconsin state law authorizes punitive damages when the insurer delays in payment and the insured suffers no loss. Even when attorney fees are taken into account, the Munros are $71,670.00 short of the threshold for federal jurisdiction. To find that subject matter jurisdiction exists would render meaningless the amount-in-controversy rule. Therefore, the judgment of the district court is VACATED, and we REMAND with instructions to dismiss for lack of subject matter jurisdiction.

A true Copy:

　　　　Teste:

　　　　　　　　　　　_____
　　　　　　　　　　　*Clerk of the United States Court of*
　　　　　　　　　　　*Appeals for the Seventh Circuit*