DLD-202                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1500
_____

JOHN C. BERKERY, SR.,
Appellant

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
("STATE FARM")
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-01910)
Chief District Judge: Honorable Juan R. Sánchez
_____

Submitted on Appellee's Motion for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 17, 2021
Before: JORDAN, KRAUSE and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 9, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

John Berkery, Sr., proceeding pro se, appeals from the District Court's order dismissing his amended complaint. The appellee, State Farm Mutual Automobile Insurance Company ("State Farm") has filed a motion for summary affirmance. Because the appeal presents no substantial question, we grant State Farm's motion and will summarily affirm the District Court's order (with one modification).

I.

In October 2019, Berkery was involved in a car accident in a Wawa parking lot. Berkery, who holds a car insurance policy with Government Employees Insurance Company ("GEICO"), was backing out of a parking spot when his vehicle collided with Thomas Mooney's, which was also backing out of a parking spot. Mooney is a State Farm policyholder. Each driver blamed the other for the accident. Berkery made an insurance claim with State Farm (Mooney's insurer). State Farm denied the claim on the basis that it was unable to determine who was at fault for the accident. See Complaint, ECF No 2 at 28 (explaining that State Farm's policy is to assign liability at "word versus word" when a disputed incident is unsupported by evidence).

Several months later, Berkery filed a complaint in the District Court alleging that State Farm had failed to conduct a proper investigation into the accident and denied his insurance claim in bad faith. He raised claims of common law fraud and deceit, bad faith pursuant to 42 Pa. Cons. Stat. § 8371, violations of the Pennsylvania Unfair Trade

2

Practices and Consumer Protection Law, and violations of the Pennsylvania Unfair

Insurance Practices Act. State Farm moved to dismiss the complaint for failure to state a

claim, after which Berkery amended his complaint to add a claim for "intentional and

negligent interference with this action" by State Farm.[1] In his amended complaint,

Berkery requested actual damages of $788.58, an unspecified amount of incidental

damages, costs, fees, expenses, and interest on any monetary damages. He also asked for

a permanent injunction against State Farm. State Farm moved to dismiss Berkery's

amended complaint, again arguing that he had failed to state a claim.[2]

 After reviewing the record, the District Court sua sponte dismissed Berkery's

complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of

subject matter jurisdiction. The District Court determined that, although the parties were

completely diverse, Berkery had failed to plead the requisite amount in controversy to

---

[1] Berkery also alleged claims against a State Farm agent, Vinita Deshmukh. However, Berkery never served Deshmukh with process and Deshmukh is not a party to this lawsuit.

[2] State Farm argued (1) that Berkery's claims under § 8371, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and the Pennsylvania Unfair Insurance Practices Act were barred because Pennsylvania law permits such claims only from an insured against his insurer and Berkery did not own a State Farm policy; (2) that his fraud claim failed because he had not pleaded the claim with particularity; and (3) that "intentional and negligent interference with this action" is not a valid cause of action.

sustain federal diversity jurisdiction. See 28 U.S.C. § 1332.[3] Berkery appealed, and State Farm filed a motion to summarily affirm the District Court's order.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and review de novo the District Court's dismissal for lack of subject matter jurisdiction. Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). We construe Berkery's pro se amended complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm the District Court's decision if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

The District Court properly dismissed Berkery's amended complaint. "It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case[.]" GBForefront, L.P. v. Forefront Mgmt. Grp., 888 F.3d 29, 34 (3d Cir. 2018). Accordingly, even when neither party raises the issue of subject matter jurisdiction, a federal court must raise the issue on its own, as the District Court did here. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-

---

[3] Because Berkery's amended complaint raised only state law claims, the District Court could not have exercised federal question jurisdiction. Cf. 28 U.S.C. § 1331.

4

matter jurisdiction, the court must dismiss the action."); Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977).

District courts have diversity jurisdiction where the parties are citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The plaintiff bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 395 (3d Cir. 2016). Typically, the sum alleged by the plaintiff in the complaint controls. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). However, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed." Id. at 289.

Here, it is apparent to a legal certainty from the face of Berkery's amended complaint that he cannot satisfy the amount-in-controversy requirement. Berkery requested that he be awarded actual damages of $788.58, "incidental damages as appropriate," as well as "costs, fees, expenses, and pre-judgment and other statutory interest on any incidental monetary damages." Am. Complaint, ECF No. 9 at 19–20. He also requested that the District Court enjoin State Farm from "further violations of law" and "commissions of the [alleged] fraudulent actions." Id. at 19. These requests fall far below the $75,000 threshold.

As the District Court observed, Berkery did not ask for specific incidental damages, and no incidental damages can be inferred from the allegations in his amended complaint. Moreover, interest and costs are excluded from the calculation of the amount in controversy, see 28 U.S.C. § 1332, and Berkery had no attorney's fees because he proceeded pro se and in forma pauperis. And, as the District Court explained, Berkery's request to enjoin State Farm from its alleged actions could, at most, amount to the value of his denied insurance claim. See In re Corestates Tr. Fee Litig., 39 F.3d 61, 65 (3d Cir. 1994) (holding that, for injunctive actions, "the amount in controversy is measured by the value of the right sought to be protected"). Berkery did not request any other types of damages. See Mem. Op., ECF No. 15 at 5 (explaining that Berkery did not allege, among other things, medical or lost-wages damages).[4] Thus, it appears to a legal certainty that the value of enjoining State Farm combined with Berkery's actual and incidental damages cannot exceed $75,000.

Berkery argues that the District Court should have permitted him to amend his complaint a second time to add a demand for punitive damages. This argument is unavailing because even a liberal reading of Berkery's complaint does not lead to the conclusion that he is entitled to recover the necessary amount of damages. As noted above, Berkery's damages are based on State Farm's refusal to pay a claim for a car

---

[4] The police report attached to Berkery's original complaint states that "[n]o injuries were reported" following the collision. Complaint, ECF No. 2 at 26.

accident in which its insured asserted that Berkery was at fault. Berkery's alleged actual damages were less than $800. Assuming for the sake of argument that Berkery could plead in good faith $1,600 in compensatory damages (over twice the amount of his alleged actual damages), he would have to plead over $73,400 in punitive damages to get "over the jurisdictional hump." Munro v. Golden Rule Ins. Co., 393 F.3d 720, 721 (7th Cir. 2004).

Such a drastic ratio between punitive and compensatory damages (over 45 to 1) would almost certainly violate the Constitution. See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003) ("[I]n practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process."); CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc., 499 F.3d 184, 192–93 (3d Cir. 2007) (determining that a ratio of over 18 to 1 was unconstitutional where there were no "special circumstances" to justify it); Munro, 393 F.3d at 721–22 (concluding that the district court lacked jurisdiction where the plaintiffs' punitive damages would need to be more than 10 times the amount of their alleged compensatory damages to meet the $75,000 threshold). Berkery's amended complaint does not include any allegations suggesting that an unusually high punitive-damages award would be appropriate here. See generally Packard v. Provident Nat. Bank, 994 F.2d 1039, 1046 (3d Cir. 1993) (explaining that when a claim for punitive damages "comprises the bulk of the amount in controversy and may have been colorably asserted solely or primarily for the

7

purpose of conferring jurisdiction, that claim should be given particularly close scrutiny"). Thus, further amendment of Berkery's complaint, even including a request for punitive damages, would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## IV.

While we agree with the District Court's decision to dismiss Berkery's case for lack of jurisdiction, the dismissal should have been without prejudice. See N.J. Physicians, Inc. v. President of U.S., 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice"). Accordingly, we modify the District Court's order to dismiss the complaint without prejudice to Berkery's right to pursue his claims in state court. With that modification, we grant State Farm's motion and will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.