**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3362
_____

ERIKA JACOBS,
                              Appellant

v.

GEISINGER WYOMING MEDICAL CENTER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-21-cv-00918)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 4, 2022
Before:  RESTREPO, PHIPPS, and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 18, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Erika Jacobs, proceeding pro se, appeals from the District Court's order dismissing her complaint for lack of jurisdiction. For the following reasons, we will affirm.

Jacobs filed a complaint in the Middle District of Pennsylvania in May 2021, alleging claims for defamation, breach of contract, and wrongful termination against defendant Geisinger Wyoming Valley Medical Center (Geisinger). She claimed that Geisinger offered her a position as a Medical Technologist in March 2021; that she accepted the offer and relocated from her home in Colorado to Pennsylvania in reliance on that offer; that Geisinger then falsely claimed that she had failed to comply with onboarding requirements; and that Geisinger ultimately rescinded the job offer.

Geisinger moved to dismiss Jacobs's complaint because, among other things, she had failed to allege the required elements to establish the District Court's subject-matter jurisdiction. The District Court, adopting a Magistrate Judge's recommendation, dismissed the complaint for lack of jurisdiction.[1]

We have jurisdiction under 28 U.S.C. § 1291 and review de novo the District Court's dismissal for lack of subject-matter jurisdiction. Metro. Life Ins. Co. v. Price, 501

---

[1] Jacobs declined to consent to the jurisdiction of a Magistrate Judge to conduct the full proceedings pursuant to 28 U.S.C. § 636(c). Subsequently, the District Court referred the case to a Magistrate Judge for recommendations on pretrial matters, including Geisinger's motion to dismiss, pursuant to § 636(b)(1)(A). The Magistrate Judge then appropriately provided a Report and Recommendation, see § 636(b)(1)(B), which the District Court adopted in its entirety. Despite Jacobs's contrary assertion, the Magistrate Judge did not render any dispositive rulings in the absence of consent or authority.

F.3d 271, 275 (3d Cir. 2007). We construe Jacobs's pro se complaint liberally. See

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

District courts have diversity jurisdiction where the parties are citizens of different

states and "where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs." 28 U.S.C. § 1332(a). A plaintiff invoking diversity

jurisdiction bears the burden of proving, by a preponderance of the evidence, that the

amount in controversy exceeds $75,000. See Auto-Owners Ins. Co. v. Stevens & Ricci

Inc., 835 F.3d 388, 395 (3d Cir. 2016). "[T]he sum claimed by the plaintiff controls if the

claim is apparently made in good faith. It must appear to a legal certainty that the claim is

really for less than the jurisdictional amount to justify dismissal." Id. (quoting St. Paul

Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938)). The amount in

controversy is calculated when the complaint is filed; "later events [cannot] increase the

amount in controversy and give rise to jurisdiction that did not properly exist at the time

of the complaint's filing." Id. at 395-96.

Here, the District Court properly concluded that Jacobs had not satisfied the

amount-in-controversy requirement necessary to confer diversity jurisdiction.[2] The

_____

[2] The Magistrate Judge determined that Jacobs was a Colorado citizen and Geisinger was
a Pennsylvania citizen, noting that Geisinger had not disputed that there was diversity of
citizenship between the parties. See R. & R. 5 n.1. We review factual findings regarding
domicile or citizenship for clear error. See Johnson v. SmithKline Beecham Corp., 724
F.3d 337, 345 (3d Cir. 2013). Although Jacobs made repeated statements in her
complaint and the exhibits incorporated therein about her relocation from Colorado to
Pennsylvania—indeed, her claims relied on this relocation in calculating damages—we
cannot say that the factual determinations were clearly erroneous, as the pleadings are

3

complaint contains an itemized list of her alleged damages, which totaled $20,161.78. See Compl. 12–13. The same section claims that "[t]his is not the final compensation" for certain categories of damages and that Jacobs also "request[ed] any other due damages as awarded by a jury for the loss of time, hurt and pain, wages[,] etc.[,] by the company Geisinger *totaling no more than $75,000*." Id. at 13 (emphasis added).

Jacobs asserts on appeal that this prayer for relief satisfied the amount-in-controversy requirement because she "cannot determine the actual award to be issued by a jury[,] which can exceed $75,00[0] with . . . compensatory and punitive damages." Appellant Br. 2. However, the complaint clearly stated that such an award would not exceed the jurisdictional requirement; liberal construction cannot convert that statement into mere misunderstanding, as Jacobs had earlier quoted the amount-in-controversy requirement from § 1332(a). See Compl. 4. Her claimed damages were just over $20,000, and the meter does not simply keep running after the date the complaint is filed without a claim in good faith for the eventual total.[3] See Auto-Owners, 835 F.3d at 396.

---

ambiguous as to Jacobs's intent to remain in Pennsylvania. See generally Frett-Smith v. Vanterpool, 511 F.3d 396, 402–03 (3d Cir. 2008).

[3] Moreover, the complaint and supporting materials seemingly do not establish a claim for punitive damages at all, see Gertz v. Robert Welch, Inc., 418 U.S. 323, 350 (1974) (holding that a private defamation plaintiff cannot recover punitive damages without proving actual malice); DiGregorio v. Keystone Health Plan E., 840 A.2d 361, 370 (Pa. Super. Ct. 2003) (holding that plaintiffs "[can]not recover punitive damages for an action solely sounding in breach of contract"), let alone enough to get her "over the jurisdictional hump," Munro v. Golden Rule Ins. Co., 393 F.3d 720, 721 (7th Cir. 2004).

Alternatively, Jacobs claims that the District Court erred by failing to consider that her complaint invoked federal-question jurisdiction. See 28 U.S.C. § 1331. As the District Court correctly held, the two definitional sections of the U.S. Code to which Jacobs cited in her complaint are irrelevant to her claims and do not provide her with a cause of action.[4] See 28 U.S.C. § 4101(1) (defining "defamation" in relation to the recognition of foreign judgments in federal and state courts); 41 U.S.C. § 7101(8)(C) (defining "executive agency" for the purposes of public contracts). The words of a statute cannot be read in isolation, and instead "must be read in their context and with a view to their place in the overall statutory scheme." Mejia-Castanon v. Att'y Gen., 931 F.3d 224, 234 (3d Cir. 2019) (quoting King v. Burwell, 576 U.S. 473, 492 (2015)).

Accordingly, the District Court did not err in dismissing Jacobs's complaint for lack of subject-matter jurisdiction, and we will affirm.[5]

---

[4] Jacobs's appellate brief references 42 U.S.C. § 1985 as a possible basis for her claims. See Appellant Br. 8. Even assuming—which we do not—that her complaint could be liberally construed to allege a conspiracy to interfere with her civil rights, "arguments raised for the first time on appeal are not properly preserved for appellate review." Simko v. U.S. Steel Corp, 992 F.3d 198, 205 (3d Cir. 2021), cert. denied, 142 S. Ct. 760 (2022).

[5] "In affirming, we note that the District Court's dismissal for lack of subject matter jurisdiction was by definition without prejudice." N.J. Physicians, Inc. v. President of U.S., 653 F.3d 234, 241 n.8 (3d Cir. 2011).